CECIL J. WHEATLE, Respondent, *v.* ANNA G. M. MCCLELLAN, Appellant, et al., Defendants.

Present — Martin, P. J., Townley, Glennon, Cohn and Callahan, JJ.; Cohn, J., dissents in opinion, in which Townley, J., concurs.

COHN, J. (dissenting). It clearly appears from the covenants in the instrument that the dominant purpose was to have the two cotenants, as a single seller, convey to the purchaser only an entire interest in the property and nothing less. When the writing was executed, plaintiff knew that defendant, McClellan, had no power of attorney from her cotenant, Trimingham. Nevertheless, plaintiff was willing to have defendant, McClellan, sign the contract as attorney in fact for Trimingham.

To compel defendant McClellan to convey her interest in the property to plaintiff is to require her to do something which she never contemplated. She did not agree to convey her two-thirds interest and thus make her nephew a cotenant with a stranger. Nor did plaintiff intend to acquire only a two-thirds interest. The inclusion of Trimingham's one-third interest in the face of plaintiff's knowledge that defendant McClellan had no authority to include it, strongly evidences the intention of the parties that the sale was to embrace all or none.

In any event, where, as here, the rights of an innocent third person not a party to the contract would be adversely affected, the court should consider whether specific performance would be fair and just to him and withhold the remedy accordingly. (Pomeroy's Specific Performance of Contracts [3d ed.], §§ 181, 181a; *Gall* v. *Gall*, 64 Hun, 600, 603, affd. 138 N. Y. 675; *Healy* v. *Healy*, 55 App. Div. 315, 319, affd. 166 N. Y. 624.)

The judgment so far as appealed from should be reversed and the complaint dismissed and defendant should be directed to return $100 paid by plaintiff.